# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Allen Clarke Wilkes, ) | Civil Action No.: 4:11-cv-01142-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 14], filed on June 18, 2012, addressing Plaintiff's claim for Social Security Disability Insurance Benefits ("DIB"). The Commissioner of the Social Security Administration ("Commissioner") affirmed the Administrative Law Judge's ("ALJ") decision that Plaintiff is not disabled. The Magistrate Judge's Report and Recommendation concludes that the ALJ's findings are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed. The Report and Recommendation sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed objections [Dkt. No. 16] to the Magistrate Judge's Report and Recommendation. Plaintiff contends that the Magistrate Judge erred in finding that substantial evidence supported the ALJ's determination that Plaintiff did not meet his burden of proving severe mental impairment such that he was incapable of light work. In addition, Plaintiff contends that the Magistrate Judge erred in finding that substantial evidence existed for the ALJ's determination that Plaintiff's subjective complaints were not entirely credible. Further, Plaintiff contends that the Magistrate Judge erred in finding that substantial evidence supported the ALJ's reliance on hypotheticals presented to the vocational expert, which Plaintiff argues were flawed for failing to include Plaintiff's Global Assessment of Functioning ("GAF") scores and the testing results prepared by the vocational expert.

This court finds that the Magistrate Judge performed a thorough analysis of the record. Moreover, the Magistrate Judge's report includes direct citations to the ALJ's decision in which the ALJ sufficiently explained and justified each of his findings. As a result, the Magistrate Judge reasonably determined that the ALJ's decision was supported by substantial evidence.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported

by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and correctly states the law in the instant case. Additionally, the court finds that the Magistrate Judge was rational and reasonable in finding that the ALJ's decision was based on substantial evidence. Accordingly, the court **ACCEPTS** the Report of the Magistrate Judge and incorporates it herein by reference. For the reasons set out in the Report, the Commissioners final decision is **AFFIRMED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
August 30, 2012